JOHN F. CONLEY *vs.* TOWN OF IPSWICH.

Essex.   January 6, 1967. — March 8, 1967.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & SPIEGEL, JJ.

*Contract,* What constitutes, With municipality, Druggist.   *Conflict of In-
terest.   Constitutional Law,* Elective office.

Where a selectman of a town operating a drug store therein filled drug
prescriptions for welfare recipients of the town on the assurance of
being paid therefor by the town through its welfare department, and
was so paid, each such transaction, within G. L. c. 268A, § 20 (a), con-
stituted a "contract" which was "made by" the welfare department and
in which the town was "an interested party" and the selectman, a
"municipal employee," had a "financial interest," even though he was
not a member of the board of public welfare and was not an officer
making the contract for the town.   [203–205]
There was no merit in a contention that the provision of G. L. c. 268A,
§ 20 (a), imposing a penalty on a "municipal employee who [know-
ingly] has a financial interest . . . in a contract made by a municipal

agency of the same city or town, in which the city or town is an interested party," had "the effect of discriminating against businessmen, unduly depriving them of the constitutional right to hold elective office." [205]

BILL IN EQUITY filed in the Superior Court on August 2, 1965.

The suit was heard by *Sullivan, J.*

The case was submitted on briefs.

*Arthur K. Ross, Jr.,* for the plaintiff.

*Terrance F. Perkins* for the defendant.

SPIEGEL, J. This is a bill in equity for a declaratory decree under G. L. c. 231A. The plaintiff seeks a declaration "setting forth whether . . . [he] has a contract with the Town of Ipswich which violates . . . [G. L. c. 268A, § 20 (a)]," the so called conflict of interest statute. The case was heard on a statement of agreed facts. A final decree was entered declaring that (1) "This [c]ourt places upon the word 'contract' as it appears in . . . [G. L. c. 268A, § 20 (a)], the broadest legal interpretation," (2) each transaction of the plaintiff "was an implied contract between the . . . [plaintiff] and the Welfare Department of the Town of Ipswich," and (3) "each of these separate transactions . . . [was] violative of" G. L. c. 268A, § 20 (a). The plaintiff appealed from this decree.

The plaintiff is a selectman of the town of Ipswich and therefore a municipal employee under G. L. c. 268A, § 1, as amended by St. 1965, c. 351. He also owns a drug store in the same town. "[A]s a druggist he is a seller of prescription drugs, and . . . among his customers . . . are welfare recipients of the Town of Ipswich, persons receiving welfare benefits under the several welfare statutes of the Commonwealth."[1]

"The procedure followed in the several transactions which the . . . [plaintiff] has from time to time with welfare recipients of the Town . . . [is] as follows:

"(a) A welfare recipient, having received a prescription from a physician, takes the prescription to a drug store of his choosing.

---

[1] G. L. cc. 117, 118, 118A, 118D and 119.

"(b) . . . [T]he welfare recipient identifies himself as such to the druggist, who verifies the identification with the town welfare department.

"(c) The . . . druggist, when assured by the welfare department of the proper identity, fills the prescription for the welfare recipient and submits a claim for the price of the prescription directly to the welfare department of the Town of Ipswich.

"(d) The welfare department of the Town of Ipswich sends a check in payment of the particular prescription directly to the . . . druggist."

General Laws c. 268A, § 20 (a), reads in material part as follows: "A municipal employee who has a financial interest, directly or indirectly, in a contract made by a municipal agency of the same city or town, in which the city or town is an interested party of which financial interest he has knowledge or has reason to know, shall be punished . . . ."

The only substantial question presented is whether the relationship between the plaintiff and the town of Ipswich which is created by any one of the transactions described above is a "contract" within the meaning of G. L. c. 268A, § 20 (a). It is apparent that a prescription is filled for a welfare recipient by the plaintiff only upon assurance by the town's welfare department that it will pay him for the prescription. In the cases of medical assistance for the aged under G. L. c. 118A, §§ 13[2] and 14,[3] and of assistance to the disabled under G. L. c. 118D, § 5,[4] that assurance is

---

[2] "The following terms and phrases . . . shall have the following meanings . . . (e) 'Medical assistance for the aged,' payment of part or all of the cost of . . . prescribed drugs."

[3] "The board of public welfare of each town shall furnish medical assistance for the aged to each person sixty-five years of age or over who resides therein and whose income and resources are insufficient to meet the costs of necessary medical services. Payment shall be made to the person or institution supplying medical services."

[4] "Assistance under this chapter shall be given in the form of money payments to individuals or medical care in behalf of individuals. . . . Payments under this chapter for medical and hospital services . . . may be paid directly to the institution or person furnishing such services, in accordance with rules and regulations of the department."

guaranteed by statute.[5]  See *Massachusetts Gen. Hosp.* v.
*Commr. of Pub. Welfare,* 347 Mass. 24.

It is of course irrelevant that the assurance upon which
the plaintiff acted was not expressed in so many words.
It is enough that the conduct of the welfare department
could reasonably have been interpreted as a promise to pay
for the prescription filled and that the plaintiff acted on
that promise.  *Hayes* v. *Philadelphia & Reading Coal &
Iron Co.* 150 Mass. 457, 460.

We do not agree with the plaintiff's contention that the
real "purchaser" of the prescription drugs is the welfare
recipient.  Nor is it relevant that the town has the statu-
tory power in some cases to recover the cost of the drugs
from the welfare recipient in an action of contract.  See
G. L. c. 117, § 5.  Cf. *Worcester* v. *Quinn,* 304 Mass. 276,
278.  The right of the town to look to the recipient of wel-
fare for reimbursement does not alter the original contrac-
tual relationship between the town and the plaintiff.

We see no merit in the plaintiff's argument that because
the Department of Public Welfare of the Commonwealth
prescribes the rules under which inhabitants of the town
can receive welfare benefits the town is merely a "conduit,"
and hence has no contractual obligation.

The plaintiff asserts that as a selectman he does not serve
on the board of public welfare, which is an independently
elected body..  He argues that " [t]he Board of Public Wel-
fare has the sole decision for qualifying a person to receive
aid in purchasing drugs, and the recipient has the freedom
to select his own drugstore.  The members of the Board of
Selectmen participate in the foregoing business only in
signing the warrant as required by law to authorize the
Town Treasurer to pay the bills.  The signing of the war-
rant by the Selectmen is only for the purpose of insuring
regularity in municipal affairs, not as a condition prece-
dent as to the validity of the amount paid."

This argument ignores G. L. c. 268A, § 20 (a), which pro-

---

[5] See also G. L. c. 117, § 24, making a town liable for expenses "necessarily
incurred under this chapter for the relief of a person in need of public as-
sistance therein by any person not liable by law for his support . . . ."

scribes any direct or indirect financial interest of a "municipal employee" in a contract made by a "municipal agency of the same city or town, *in which the city or town is an interested party* . . ." (emphasis supplied). Clearly the town of Ipswich is an interested party in the contract made by the board of public welfare and the plaintiff is a municipal employee of the town of Ipswich. It is of no consequence that the plaintiff himself is not the person making the contract for the municipal agency.

Finally, the plaintiff argues that the statute removes "from those eligible to hold elective office practically all businessmen, and thus . . . [has] the effect of discriminating against businessmen, unduly depriving them of the constitutional right to hold elective office." The statute does nothing of the kind. It merely requires that a businessman who chooses to run for political office and upon election by virtue of G. L. c. 268A, § 1, thereby becomes a municipal employee, is obliged to refrain from contracting with an agency of the same municipality.

*Decree affirmed.*