GORDON GRAHAM *vs*. BERNICE J. MCGRAIL & others.[1]

Worcester.     March 5, 1976. — April 9, 1976.

Present: HENNESSEY, C.J., REARDON, QUIRICO, BRAUCHER,
& KAPLAN, JJ.

*Public Board. School and School Committee. Conflict of Interest.*
*Practice, Civil,* Parties, Declaratory proceeding. *Jurisdiction,* De-
claratory relief. *Words,* "Participate," "Financial interest," "Par-
ticular matter."

The Superior Court had jurisdiction of a civil action by a member of
the school committee of a town against it and other members of
the committee with respect to acts of the individual defendants
casting in doubt the validity of their votes on the school budget,
with respect to the proper interpretation of the conflict of interest
law, and praying for declaratory and injunctive relief. [136-137]
Discussion of the language and the policy of G. L. c. 268A, § 19
(*a*). [137-139]
Under G. L. c. 268A, § 19 (*a*), a school committee member who has a
member of his immediate family employed by the school depart-
ment is forbidden to participate in any way in the formulation,
adoption or revision of any aspect of the committee's budget which
may relate to the wages, hours or conditions of employment of the
family member, except that, if particular budget items are con-
sidered separately and are approved by a qualified quorum and
are included in a consolidated vote on all or part of the budget, the
school committee member may participate in the consolidated
vote. [139-140]

CIVIL ACTION commenced in the Superior Court on
February 25, 1975.

The case was heard by *Meagher*, J.

The Supreme Judicial Court granted a request for direct
appellate review.

*Austin T. Philbin*, Town Counsel (*Austin A. Philbin*
with him) for Bernice J. McGrail & others.

*Gordon Graham*, pro se.

---

[1] Ruth D. McNamara and Roger E. Winn, members of the school
committee of Clinton, and the town of Clinton.

*Gordon Graham,* for the School Committee of Marlborough, as amicus curiae, submitted a brief.

BRAUCHER, J.   We are asked to resolve a question under G. L. c. 268A, § 19 (*a*),[2] inserted by St. 1962, c. 779, § 1, the conflict of interest law. An employee of the school department of the town is a member of the immediate family of a member of the school committee. To what extent, if any, may the committee member participate in the adoption of the school budget? We hold that participation is forbidden only with respect to those budget items in which the employee has a financial interest. The scope of the prohibition is further elaborated below.

The plaintiff, one of five members of the school committee, sued three other members and the town to enforce the conflict of interest law through declaratory and injunctive relief. The defendants appealed from the judgment entered in the Superior Court, and we allowed their application for direct appellate review.

We summarize the judge's findings, based on a statement of agreed facts and the minutes of the school committee meetings. The plaintiff and the three individual defendants are duly elected members of the school committee of the town, and are "municipal employees" under G. L. c. 268A, § 1 (*g*). Two of the individual defendants, McGrail and Winn, have children who are teachers in the school system. Each child is a member of the "immediate family" of the parent under § 1 (*e*). The third individual defendant, McNamara, has a son employed by the school department on a part time hourly basis. The son is a member of McNamara's "immediate family."

The 1975-1976 school budget was prepared by the school

---

[2] "Except as permitted by paragraph (b), a municipal employee who participates as such an employee in a particular matter in which to his knowledge he, his immediate family or partner, a business organization in which he is serving as officer, director, trustee, partner or employee, or any person or organization with whom he is negotiating or has any arrangement concerning prospective employment, has a financial interest, shall be punished . . . ."

administration late in 1974, was reviewed and adopted by the committee by line item in "work sessions" late in 1974 and early in 1975, was tentatively adopted for presentation to a public hearing on February 3, 1975, and was before the committee as a complete document on February 21 and March 20, 1975. At the February 12, 1975, meeting of the committee, a motion to delete $100,000 from the salary account failed by a 2-2 vote, with one member abstaining. The amount of $100,000 approximated projected raises. A motion to accept the budget as submitted also failed by 2-2 vote, with one member abstaining. The plaintiff and McGrail voted for the first motion and against the second; the chairman and McNamara voted against the first motion and for the second; and Winn abstained on both.

At the March 20, 1975, meeting of the committee, the plaintiff and McGrail were absent at the time of the votes. On the salary account item headed "Instructional," Winn presided and disqualified himself, and the item passed by a vote of 2-0 on the votes of the chairman and McNamara. On the salary account item headed "Maintenance," McNamara presided and disqualified herself, and the vote was 2-0 on the votes of the chairman and Winn. On the vote to approve the entire budget of more than $2,900,000 Winn presided and disqualified himself, and the vote was 2-0.

The judge ruled that the votes of McNamara and Winn on March 20, 1975, were void under G. L. c. 268A, § 19, but that there was a valid quorum and that the chairman's votes were valid and effective to establish the budget. He also ruled that McGrail, McNamara and Winn should be enjoined from participating in any budget action. A judgment was entered that the budget was valid and that only those members of the committee who had no conflict of interest under G. L. c. 268A, § 19, might "participate in any way in establishing the entire Budget." The judge denied the defendant's motion for a stay pending appeal, but a single justice of the Appeals Court ordered a modification to forbid McGrail and Winn from participating in budget actions affecting teachers and to forbid McNamara from

participating in budget actions affecting maintenance
personnel.

1. *The plaintiff's interest.* The plaintiff sought a decla-
ration of the rights and duties of the parties, an injunction
against acts in violation of the conflict of interest law, and
a declaration that the committee vote on March 20, 1975,
approving the salary account, was void. The defendants'
answer asserted that the plaintiff had no standing to raise
the issue of a violation of G. L. c. 268A, § 19, and that the
interests of the municipality prevent rescission or cancella-
tion of the March 20 vote. See G. L. c. 268A, § 21 (*a*).
Since the judge ruled that the vote was valid and the plain-
tiff took no appeal, no issue is now before us as to its
validity or as to rescission or cancellation. But the defend-
ants continue to assert that the plaintiff lacks standing,
that there is no actual controversy, and that the plaintiff
has no definite interest in the alleged self-dealing of the
defendants.

The conflict of interest law carries heavy criminal penal-
ties. See *Moskow* v. *Boston Redevelopment Authority*,
349 Mass. 553, 566-567 (1965), cert. denied, 382 U.S. 983
(1966). It also provides for civil remedies of rescission
and restitution. G. L. c. 268A, § 21. We have held that the
rescission remedy of § 21 (*a*) may be invoked by a private
party in some circumstances. *Everett Town Taxi, Inc.* v.
*Aldermen of Everett*, 366 Mass. 534, 535 (1974). We need
not now decide whether the plaintiff is a proper party to
invoke that remedy, or what weight is to be given to ratifi-
cation by the town or to detriment to the interests of the
town. *Id.* at 537-538. Cf. *Charbonnier* v. *Amico*, 367 Mass.
146, 151-152 (1975). As a private citizen he could bring a
criminal complaint. *Commonwealth* v. *Haddad*, 364 Mass.
795, 798 (1974). But in the absence of express statutory
authority, equitable relief is not ordinarily available to
restrain violations of criminal statutes. *Revere* v. *Aucella*,
369 Mass. 138, 146-147 (1975), and cases cited.

We think the jurisdiction of the Superior Court had
sufficient basis in the prayer for declaratory relief. G. L.
c. 231A, §§ 1-3. See *Attorney Gen.* v. *Kenco Optics, Inc.*,

369 Mass. 412, 415 (1976). The plaintiff as a member of
the school committee shares in the responsibility for its
effective operation. The acts of the defendants were such
as to cast in doubt the validity of the committee's acts.
There is an actual controversy as to the proper interpreta-
tion of the conflict of interest law. The record does not
show that the defendants sought the opinion of town coun-
sel, to which they were entitled under G. L. c. 268A, § 22;
that section affords no remedy for the plaintiff. The pend-
ing situation is inconsistent with the orderly and proper
administration of the public school system. Cf. *School
Comm. of Cambridge* v. *Superintendent of Schools,* 320
Mass. 516, 518-519 (1946). In such a situation it may well
be the part of wisdom for a responsible official to seek
judicial clarification without subjecting his colleagues to
the hazard and discomfort of criminal litigation. Cf. *Se-
lectmen of Avon* v. *Linder,* 352 Mass. 581, 583 (1967), and
*Conley* v. *Ipswich,* 352 Mass. 201, 202 (1967), where the
propriety of declaratory relief seems not to have been
questioned.

2. *"Participates"; quorum.* The relevant part of § 19
(*a*) is as follows: "(*a*) Except as permitted by paragraph
(*b*), a municipal employee who participates as such an
employee in a particular matter in which to his knowledge
... his immediate family ... has a financial interest, shall
be punished . . . ." It is common ground that § 19 (*b*), pro-
viding for exemptions for insubstantial, remote and incon-
sequential financial interests, is not applicable, that the
individual defendants are "municipal employees" under
§ 1 (*g*), that they had "knowledge" of the facts, and that
each child was a member of the "immediate family" of his
parent under § 1 (*e*). The controversy relates to the inter-
dependent meanings of "participate," "particular matter,"
and "financial interest." See Buss, The Massachusetts
Conflict-of-Interest Statute: An Analysis, 45 B.U.L. Rev.
299, 353-360 (1965).

To "participate" under § 1 (*j*), as appearing in St. 1962,
c. 779, § 1, means to "participate ... personally and sub-
stantially as a ... municipal employee, through approval,

disapproval, decision, recommendation, the rendering of advice, investigation or otherwise." We agree with the judge that this definition encompasses more than the act of voting. To preside over a vote is to participate in it, and it is clear that two of the individual defendants presided over some of the contested votes while purporting not to participate. Moreover, there is every indication that during the "work sessions" they participated in other ways in the contested matters. To participate in the formulation of a matter for vote is to participate in the matter.

Ordinarily, the wise course for one who is disqualified from all participation in a matter is to leave the room. We do not think he can be counted in order to make up a quorum. Cf. *Albano* v. *Selectmen of South Hadley*, 341 Mass. 494, 496 (1960). See 4 E. McQuillin, Municipal Corporations § 13.35a (3d rev. ed. 1968). Cf. 2 W. Fletcher, Cyclopedia of Corporations § 426 (perm. ed. 1969) (corporate directors). When, as here, there is no provision for substitutes, lack of a quorum because of disqualification presents several conceivably possible alternatives: (1) participation despite disqualification, under a rule of necessity, (2) decision without a quorum, (3) lack of power to make a decision. See *Real Properties, Inc.* v. *Board of Appeal of Boston*, 311 Mass. 430, 437-438 (1942). In such cases we have sometimes applied a rule of necessity. *Mayor of Everett* v. *Superior Court*, 324 Mass. 144, 151 (1949). *Moran* v. *School Comm. of Littleton*, 317 Mass. 591, 593-594 (1945). See 2 K. Davis, Administrative Law § 12.04 (1958); Frank, Disqualification of Judges, 56 Yale L.J. 605, 611 (1947). That rule is not brought into play by the mere absence of a member or members, however. In the view we take of the scope of § 19 (*a*) it is unnecessary to consider the rule further.

3. *"Financial interest."* We have said that the statute is deficient in not containing a definition of "financial interest." *Moskow* v. *Boston Redevelopment Authority*, 349 Mass. 553, 567 (1965), cert. denied, 382 U.S. 983 (1966). In a sense every taxpayer in a town has a financial interest in the school budget, and tenants and others who

are not taxpayers have indirect financial interests. Similarly, since resources are finite, every town employee has a financial interest in every town expenditure. School children and their parents have an interest in school services which is capable of evaluation in financial terms. The Legislature in § 19 (*b*) recognized that it might be proper to exempt some remote and inconsequential financial interests, but no such exemption covers the interests just described. Nevertheless, we do not think interests shared with a substantial segment of the public are to be treated as "financial interests" under § 19 (*a*). Compare the rules of the General Court, referring to a "private right, distinct from the public interest," which is "immediately concerned." Senate Rule 10; House Rules 24, 63. The interest of a school employee in his own compensation, on the other hand, is unquestionably a "financial interest," and § 19 (*a*) unequivocally attributes such an interest to a member of the school committee if the employee is a member of his immediate family.

4. *"Particular matter."* A "particular matter," under § 1 (*k*), as appearing in St. 1962, c. 779, § 1, means "any judicial or other proceeding, application, submission, request for a ruling or other determination, contract, claim, controversy, charge, accusation, arrest, decision, determination, finding, but excluding enactment of general legislation by the general court." Except for the reference to "contract," the definition seems to refer primarily to judicial or quasi judicial proceedings rather than to legislative or managerial action, and on its face the language does not seem apt to refer to the adoption of a budget. The recommendation of a budget to the town meeting does not make or even authorize a contract, and the action of the town meeting is not subject to c. 268A under the definition of "municipal employee" in § 1 (*g*). The Legislature has clearly indicated its intention to exclude from the statute some determinations of general policy, and such an exclusion seems essential if the statute is to be workable.

On the other hand, a "decision" is a "particular matter." The formulation of a budget may include a multitude of

particular decisions, and we think both the language and the policy of § 19 (*a*) forbid a school committee member to participate in such a decision when his child's private right is directly and immediately concerned, at least if there is any controversy over the decision. A decision to increase the child's salary seems to us to be a particular matter in which the child has a financial interest, even though a number of other employees are given similar increases. Inclusion of sufficient funds in the budget may be an essential step toward such a decision. If that step is presented for decision, and if the step can be taken without the member's participation, he must not participate.

We must give the statute a workable meaning. In the situation here presented, this means that it is permissible for the committee to give separate consideration to particular budget items. Once an item has been approved by a majority vote of a qualified quorum, it may be included in a consolidated vote on part or all of the budget, and a member who withdrew during the separate consideration may participate in the consolidated vote, unless there is reconsideration of the item separately considered.

5. *Disposition.* The second paragraph of the judgment is to be amended to declare that G. L. c. 268A, § 19 (*a*), forbids each of the individual defendants to participate in any way in the formulation, adoption or revision of any aspect of any budget of the school committee of the town of Clinton which may relate to the wages, hours or conditions of employment of any member of his or her immediate family employed by the school department, except, however, that if particular budget items are considered separately and, after approval by a qualified quorum, are included in a consolidated vote on all or part of the budget, the individual defendants may participate in the consolidated vote. The case is remanded to the Superior Court for further proceedings consistent with this opinion.

*So ordered.*