

# The Attorney General of Texas

November 14, 1985

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Benjamin Euresti, Jr.
Cameron County Attorney
974 E. Harrison Street
Brownsville, Texas    78520

Opinion No. JM-379

Re: Whether a school trustee violates article 988b, V.T.C.S., by discussing with school board its lawsuit against a bank in which he owns stock

Dear Mr. Euresti:

You have requested an Attorney General Opinion on the application of conflict of interest law to a school trustee. Where a trustee of a school district owns more than $16,000 in non-voting stock of a bank that is involved in litigation with the school district, and such trustee abstains from voting for or against any matter pertaining to such litigation, but does discuss the litigation with members of the board of trustees, has the trustee nevertheless violated the law regarding public officials and conflicts of interest?

You state that the trustee owns 400 shares of non-voting stock in a local bank under a Keogh individual retirement plan. The shares are valued at $16,000. The bank in question along with other local banks sued the city and the school district in 1980, challenging the property tax valuation of their stocks. The suit was amended to challenge valuations made in subsequent years. It was settled in October 1984.

During the course of this litigation, the trustee was a shareholder in one of the plaintiff banks. He was not named plaintiff in any of the proceedings, although as a trustee he was named defendant. You state that it appears that this trustee abstained from voting for or against any matter pertaining to the tax litigation, although he may have discussed this matter with other trustees. We assume that any such discussions were held in compliance with the Open Meetings Act, article 6252-17, V.T.C.S., and do not consider the conflict of interest implications of discussions held in violation of that statute.

Article 988b, V.T.C.S., is relevant to this question. This statute became effective January 1, 1984, and does not apply to conduct occurring before that date. See Attorney General Opinion JM-171 (1984). Conduct prior to the effective date of article 988b,

V.T.C.S., was governed by common law conflict of interest doctrines. The common law, in essence, barred school districts from contracting with any entity in which a trustee had a pecuniary interest, no matter how small.  Attorney General Opinions MW-342 (1981); H-916 (1976); see, e.g., City of Edinburg v. Ellis, 59 S.W.2d 99 (Tex. Comm'n App. 1933, holding approved); Delta Electric Construction Company v. City of San Antonio, 437 S.W.2d 602 (Tex. Civ. App. - San Antonio 1969, writ ref'd n.r.e.); Bexar County v. Wentworth, 378 S.W.2d 126 (Tex. Civ. App. - San Antonio 1964, writ ref'd n.r.e.); Meyers v. Walker, 276 S.W. 305 (Tex. Civ. App. - Eastland 1925, no writ); Attorney General Opinions JM-171 (1984); MW-179 (1980); M-1236 (1972).  You have not informed us of any conduct prior to January 1, 1984 that would violate the common law prohibition against contractual conflicts of interest.

After January 1, 1984, the trustees were subject to article 988b, V.T.C.S.  See Attorney General Opinion JM-171 (1984).

Article 988b, V.T.C.S., provides in part:

> Section 1.  In this Act:
>
> (1)  'Local public official' means a member of the governing body . . . of any district (including a school district). . . .
>
> (2)  'Business entity' means a sole proprietorship, partnership, firm, corporation, holding company, joint-stock company, receivership, trust, or any other entity recognized in law.
>
> Sec.  2.  (a)  A person has a substantial interest in a business if:
>
> (1)  the interest is ownership of 10 percent or more of the voting stock or shares of the business entity or ownership of $2,500 or more of the fair market value of the business entity. . . .
>
> . . . .
>
> Sec. 3.  (a)  Except as provided by Section 5 of this Act, a local public official commits an offense if he knowingly:
>
> (1)  participates in a vote or decision on a matter involving a business entity in which the local public official has a substantial interest if it is reasonably foreseeable that an action on

the matter would confer an economic benefit to the business entity involved;

. . . .

(b)  An offense under this section is a Class A misdemeanor.

Sec. 4.  If a local public official or a person related to that official in the first or second degree by either affinity or consanguinity has a substantial interest in a business entity that would be peculiarly affected by any official action taken by the governing body, the local public official, before a vote or decision on the matter, shall file an affidavit stating the nature and extent of the interest and shall abstain from further participation in the matter.  The affidavit must be filled with the official recordkeeper of the governmental entity.

Sec. 5  [Exception for contracts for purchase of services or personal property where business entity is only supplier within the jurisdiction and the only bidder on the contract.]

Sec. 6.  The penalties and remedies provided by this article do not limit common law remedies of tort, contract, or equity, including a suit for damages, injunction, or mandamus.  The finding by a court of a violation under this article does not render an action of the governing body voidable unless the measure that was the subject of an action involving conflict of interest would not have passed the governing body without the vote of the person who violated this article.

The trustee owns more than $2,500 in stock of a plaintiff bank. His interest in the bank is a substantial interest within section 2(a) of article 988b, V.T.C.S.  See Attorney General Opinion JM-291 (1984).

You have informed us that the school trustee abstained from voting for or against any matter pertaining to the litigation, although he may have discussed this matter with other members of the board of trustees.  Section 3 of article 988b, V.T.C.S., prohibits a public official from knowingly participating in a vote or decision on a matter involving a business entity in which he is substantially interested.  In our opinion, this provision reaches knowing participation in a decision by discussing it with other board members.

A Massachusetts court discussed the term "participate" as it appeared in a conflict of interest statute. Graham v. McGrail, 345 N.E.2d 888 (Mass. 1976). The Massachusetts statute describes the prohibited participation in greater detail than does article 988b, V.T.C.S.; nonetheless, the court's discussion is pertinent to our question.

The statute discussed in Graham v. McGrail, 345 N.E.2d 888 (Mass. 1976) prohibited a municipal employee from participating in a matter in which he or his immediate family had a financial interest. Three school committee members had immediate family members who were school system employees. The three school committee members voted on the budget which set the compensation of school system employees, including their own family members. Each committee member abstained from particular budget decisions that affected his relative, but all attended work sessions and formal meetings on the budget. On occasion, a school committee member presided over a vote from which he disqualified himself because of his relative's financial interest. The Massachusetts statute prohibited school committee members from

> participat[ing] . . . personally and substantially as a . . . municipal employee, through approval, disapproval, decision, recommendation, the rendering of advice, investigation or otherwise.

345 N.E.2d at 891. The court stated:

> We agree with the judge that this definition encompasses more than the act of voting. To preside over a vote is to participate in it, and it is clear that two of the individual defendants presided over some of the contested votes while purporting not to participate. Moreover, there is every indication that during the 'work sessions' they participated in other ways in the contested matters. To participate in the formulation of a matter for vote is to participate in the matter.

> Ordinarily, the wise course for one who is disqualified from all participation in a matter is to leave the room.

345 N.E.2d at 891-892.

Section 3 of article 988b, V.T.C.S., prohibits conduct which includes, but is not limited to, formally recording a vote when the board takes official action. In particular, the language "participates in a . . . decision" indicates that the legislature intended the statute to reach more than merely casting a vote. Cf. V.T.C.S. art. 6252-9b, §6(a) (state officer personally interested in

decision pending before his board "shall not vote or otherwise participate in the decision"). Section 4 of article 988b, V.T.C.S., which requires the interested public official to file an affidavit stating his interest, requires him to "abstain from further participation in the matter." This provision is not limited to participation in the board's vote; it prohibits all participation.

In our opinion, participation "in a vote or decision" in section 3(a) of article 988b, V.T.C.S., includes deliberating with the board about the matter. A narrower interpretation of this language would undermine the legislature's effort to control conflicts of interest, in that a trustee with a personal interest in a matter could discuss it with board members and influence the board's final action with impunity as long as he abstained from the formal vote.

We do not have sufficient information to determine whether the school trustee has participated in a vote or decision of the board. You do not state with certainty that he even discussed the litigation with other trustees. Only discussions which occurred after the January 1, 1984 effective date of article 988b, V.T.C.S., would be subject to its provisions. Moreover, section 3(a)(1) also requires a showing that it is reasonably foreseeable that an action on the matter would confer an economic benefit on the business entity, and we have not been provided any facts on this question.

You do not know whether the trustee filed the affidavit required by section 4 of article 988b, V.T.C.S.; therefore we cannot express an opinion on whether he violated section 4 of article 988b, V.T.C.S. The penalty provision of article 988b, V.T.C.S., does not apply to violations of section 4. But see Penal Code §39.01 (abuse of office).

### S U M M A R Y

A school trustee who engages in school board deliberations leading up to a vote or decision on a matter in which he is substantially interested has participated in a vote or decision of that matter within section 3(a)(1) of article 988b, V.T.C.S.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Colin Carl
Susan Garrison
Tony Guillory
Jim Moellinger
Jennifer Riggs
Nancy Sutton
Sarah Woelk