Jerry **FALLIN**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 14–01–00754–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Sept. 26, 2002.

Lee F. Burrows, Houston, for appellants.

Carol M. Cameron, Houston, for appellees.

Panel consists of Justices YATES, SEYMORE, and GUZMAN.

## OPINION

LESLIE BROCK YATES, Justice.

A jury convicted appellant, Jerry Fallin, of falsely identifying himself as a peace officer. *See* Tex. Pen.Code Ann. § 37.12 (Vernon 1994). In two points of error, appellant asserts (1) the evidence at trial was legally insufficient to support the jury's verdict and (2) the trial court abused its discretion by denying appellant's motion for new trial. We affirm.

### Factual and Procedural Background

Appellant set off the metal-detector alarm when he entered the lobby of the Harris County Courthouse on June 9, 1999. The security advisor, Terry Price, asked appellant to empty his pockets and walk back through the metal detector. Appellant triggered the alarm a second time. Price testified that when he used a hand scanner to check for metal, appellant told him he was a constable and asked why he had to "go through this." Appellant handed Price an identification card indicating appellant was a deputy constable, but Price noticed the card had been altered. Price gave the card to his supervisor, Richard Matthias.

An examination of appellant's card revealed the word "reserve" had been whited out just before the word "deputy." Matthias testified appellant explained to him the card had been altered because appel-

lant had recently been certified as a regular deputy. According to Matthias, appellant said he had been instructed to use the altered card until he received a new one. At trial, however, appellant admitted he was a reserve deputy at the time of this incident.

Appellant was charged by indictment with the offense of impersonating a public servant. The jury found him guilty of the lesser-included offense of false identification as a peace officer. The trial court assessed punishment at six months' probation and a $500 fine. This appeal followed.

### Sufficiency of the Evidence

■ In his second point of error, appellant claims the evidence is legally insufficient to support his conviction for false identification as a peace officer. In evaluating the legal sufficiency of the evidence, we view the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *King v. State*, 29 S.W.3d 556, 562 (Tex.Crim. App.2000) (citing *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979)).

■ Appellant argues the evidence is legally insufficient because the State failed to prove appellant possessed an identification card "bearing an insignia of a law enforcement agency" as required by Texas Penal Code section 37.12.[1] In construing a criminal statute, we seek to effectuate the intent of the Legislature, focusing on the

---

1. The relevant portion of section 37.12 states:
   A person commits an offense if:
   (1) the person makes, provides to another person, or possesses a card, document, badge, insignia, shoulder emblem, or other item bearing an insignia of a law enforcement agency that identifies a person as a peace officer or a reserve law enforcement officer; and

   (2) the person who makes, provides, or possesses the item bearing the insignia knows that the person so identified by the item is not commissioned as a peace officer or reserve law enforcement officer as indicated on the item.
   Tex. Pen Code Ann. § 37.12(a).

statute's literal text, and we attempt to discern the fair, objective meaning of that text. *Boykin v. State,* 818 S.W.2d 782, 785 (Tex.Crim.App.1991). We read the words and phrases in context according to the rules of grammar and common usage. TEX. GOV'T CODE ANN. § 311.011 (Vernon 1998); *Ex parte Kuester,* 21 S.W.3d 264, 266 (Tex.Crim.App.2000). Additionally, we attempt to construe a statute according to its plain textual meaning without resort to extratextual sources. *Kutzner v. State,* 75 S.W.3d 427, 433 (Tex.Crim.App.2002). If a statute is ambiguous, however, we may resort to extratextual sources, such as legislative history, to construe the statute. *Id.*

We must first determine whether the phrase "bearing an insignia of a law enforcement agency" modifies the entire list of items found in section 37.12(a)(1)— "card, document, badge, insignia, shoulder emblem, or other item"—or only "other item," the words immediately preceding the phrase. Urging the latter construction, the State argues that if a person is charged with possessing a card, document, badge, insignia, or shoulder emblem, the statute does not require that item to bear an insignia of a law enforcement agency. Reading subsection (a)(1) in isolation, this appears to be a reasonable construction. However, subsection (a)(2) refers to "the person who ... possesses *the item bearing the insignia.*" TEX. PEN.CODE ANN. § 37.12(a)(2) (emphasis added). Because an offense under section 37.12 requires a finding of conduct satisfying both (a)(1) and (a)(2), we conclude the only reasonable construction of the statute as a whole is that the item possessed, whether or not specifically identified in subsection (a)(1), must bear an insignia of a law enforcement agency. *See Thomas v. State,* 919 S.W.2d 427, 430 (Tex.Crim.App.1996) ("We always

strive to give words and phrases meaning within the context of the larger provision.").

We next turn to the question of what is meant by "an insignia of a law enforcement agency." The word "insignia" is not defined in the Penal Code. Appellant cites the American Heritage Dictionary's definition of "insignia" as "[a] badge of office, rank, membership, or nationality; an emblem." AMERICAN HERITAGE DICTIONARY 934 (3d ed.1992). Apparently focusing on the word "emblem," appellant urges us to give "insignia" a narrow definition, limiting it to a seal or similar artistic symbol. Other dictionaries, however, define "insignia" more generally as "a distinguishing mark of authority, office, or honor." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1169 (1993); *see also* 7 OXFORD ENGLISH DICTIONARY 1027 (2d ed.1989) (defining "insignia" as "[b]adges or distinguishing marks of office or honour"). We find the phrase "an insignia of a law enforcement agency," as used in section 37.12, unambiguously refers to any distinguishing mark that identifies the item as one originating from an official law enforcement agency.

At best, appellant's contrary interpretation raises an ambiguity, which we may resolve by resorting to the legislative history of section 37.12. *See Kutzner,* 75 S.W.3d at 433. The Legislature added the phrase "bearing an insignia of a law enforcement agency" to section 37.12 by amendment in 1987. Before this amendment, an offense under section 37.12 was limited to individuals possessing a card or document identifying the person as a peace officer, and the statute did not require the card or document to bear an insignia of a law enforcement agency.[2] When the Legislature amended section 37.12 by listing additional items and adding the phrase "bearing an insignia of a law enforcement

---

**2.** The original version of section 37.12(a) stat-    ed:

agency," it expressly intended to broaden, not limit, the statute's reach.[3] The Legislature apparently believed a card or document identifying a person as a peace officer already fell within the realm of items bearing such an insignia. Thus, we conclude the Legislature intended to incorporate a broad definition for "insignia" that would include any mark of authority on a card or document identifying it as one originating from a law enforcement agency.

Here, appellant admits the card in question is an official identification card issued to him by the Harris County Constable's Department. In large type across the top, the card bears the printed heading, "Harris County Constable's Dept." We conclude there is legally sufficient evidence this card bears an insignia of a law enforcement agency.

A person commits an offense if he knowingly possesses such a card identifying him as a peace officer and he knows he is not a commissioned peace officer. *See* TEX. PEN. CODE ANN. § 37.12. Appellant's identification card was undeniably altered to identify him as a deputy constable. Appellant admitted that on June 9, 1999, he was only a reserve deputy. He acknowledged knowingly possessing the altered card, although he claims the card was in that condition when he received it. However, section 37.12 only requires knowing possession of the misidentifying card. *See id.* After reviewing the evidence in the light most favorable to the jury's verdict, we conclude a rational trier of fact could have found the essential elements of the offense of false identification as a peace officer. Accordingly, we overrule appellant's second point of error.

### MOTION FOR NEW TRIAL

 In his first point of error, appellant argues the trial court erred in denying his motion for new trial. We review a trial court's denial of a motion for new trial by an abuse-of-discretion standard, and we will not disturb the trial court's ruling unless its decision was arbitrary or unreasonable. *See Lewis v. State,* 911 S.W.2d 1, 7 (Tex.Crim.App.1995). Appellant's sole ground for a new trial is the alleged insufficiency of the evidence. Because we find the evidence was legally sufficient to support appellant's conviction, we also find the trial court did not abuse its discretion in denying appellant's motion for new trial. We overrule appellant's first point of error.

The trial court's judgment is affirmed.

---

A person commits an offense if:
(1) the person makes, provides to another person, or possesses a card or document that identifies a person as a peace officer or a reserve law enforcement officer; and
(2) the person who makes, provides, or possesses the card or document knows that the person so identified by the card or document is not certified or licensed by the Commission on Law Enforcement Officer Standards and Education in the capacity of peace officer or reserve law enforcement officer indicated on the card or document. Act of May 26, 1983, 68th Leg., R.S., ch. 1075, 1983 Tex. Gen. Laws 5672 (amended 1987).

3. The bill analysis accompanying the 1987 amendment states:

H.B. 592 *broadens* the current statutes establishing the offense of making, providing or possessing a card or document that misrepresents a person as a police officer. This bill lists other official items, bearing the insignia of a law enforcement agency, which, if used for misrepresentation, creates an offense.

HOUSE COMM. ON PUBLIC SAFETY, BILL ANALYSIS, Tex. H.B. 592, 70th Leg., R.S. (1987) (emphasis added).